UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Kyle E. Welsh,**

    **Plaintiff,**                         Case No. 2:19-cv-5141

    v.                                   Judge Michael H. Watson

**Commissioner of Social Security,**       Chief Magistrate Judge
                                               Elizabeth Preston Deavers
    **Defendant.**

## OPINION AND ORDER

Kyle E. Welsh ("Plaintiff") protectively applied for Supplemental Security Income Benefits, alleging disability beginning on December 8, 1997.  His application was denied initially and on reconsideration.  Plaintiff moved for a hearing before an administrative law judge ("ALJ") who, after the hearing, issued a decision denying Plaintiff benefits.  The Appeals Council denied review of the ALJ decision, and Plaintiff has appealed the final decision to this Court.

Upon review, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court overrule Plaintiff's statement of specific errors and affirm the Commissioner's decision.  R&R, ECF No. 17.  Plaintiff now objects.  Obj., ECF No. 18.

Chief Magistrate Judge Preston Deavers issued the R&R pursuant to Federal Rule of Civil Procedure 72(b).  Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to.  Fed. R. Civ. P. 72(b)(3).  The Undersigned may accept,

reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

On objection, Plaintiff contends the ALJ accorded "some weight" to the state reviewing psychologists' opinions but did not properly evaluate or account for all of their opinions in the residual functional capacity ("RFC"). Specifically, Plaintiff argues the ALJ did not account for the following opined limitations from Dr. Paul Tangeman, Ph.D. ("Dr. Tangeman") and Dr. Karla Voyten, Ph.D ("Dr. Voyten"): the need for repetitive work duties; the inability to work with groups; the need for supervisory support; and the limitation to superficial interaction. Plaintiff contends the ALJ also failed to explain why she did not account for these limitations.

As a preliminary matter, upon *de novo* review, the Court agrees that Plaintiff waited until his reply brief to argue that the ALJ omitted a requirement that Plaintiff have only "superficial interaction." *Compare* Stmt. Errors 10–11, ECF No. 10, *with* Reply 3, 5, ECF No. 16. The Court rejects Plaintiff's argument that the overall essence of his Statement of Errors raised this issue or that he sufficiently raised the issue by listing the limitation in his recitation of the state reviewing psychologists' opinions. Plaintiff identified in his Statement of Specific Errors three specific opinions the ALJ allegedly omitted from the RFC, and a limitation to superficial interaction was not one of them. Accordingly, the Court agrees with Chief Magistrate Judge Preston Deavers that Plaintiff has waived that argument. R&R 22–23 n.3, ECF No. 17.

Further, Chief Magistrate Judge Preston Deavers concluded both that the ALJ properly included a limitation to repetitive activities in the RFC and that, regardless, any omission would have been harmless error.  R&R 22–23, ECF No. 17; *id.* at 23 n.4.  Plaintiff objects only that the ALJ did not actually account for a limitation to repetitive work in the RFC.  Obj. 4, ECF No. 18.  Plaintiff fails to show why any omission in the limitation to repetitive work is not harmless error.  As Plaintiff failed to object to this separate basis for the Magistrate Judge's recommendation to overrule Plaintiff's Statement of Specific Errors, Plaintiff waives his right to *de novo* review of this recommendation.

Regarding Plaintiff's ability to work within a group, Dr. Tangeman said that Plaintiff "retain[ed] the capacity to perform very simple, routine, and repetitive tasks . . . that doesn't [sic] require working in groups or high productions demands."  AR 154, ECF No. 9 at PAGEID # 192.  Dr. Voyten agreed.  AR 178, ECF No. 9 at PAGEID # 216.

As for the need for supervisor support, Dr. Tangeman's opinion was that Plaintiff "retain[ed] the capacity to perform very simple, routine, and repetitive tasks w/ some supervisor support[.]"  AR 154, ECF No. 9 at PAGEID # 192.  Dr. Tangeman also opined that Plaintiff required supervisory support in order to successfully adjust to minor and infrequent changes in the work setting.  AR 155, ECF No. 9 at PAGEID # 193.  Dr. Voyten agreed with these opinions as well.  AR 178, ECF No. 9 at PAGEID # 216.

Even if the ALJ failed to incorporate the opined restriction against working in groups or the opined requirement that Plaintiff have supervisor support, the ALJ was not required to give reasons for rejecting those opinions because they came from non-examining sources.  *Martin v. Comm'r Social Sec.*, 658 F. App'x 255, 259 (6th Cir. 2016) ("[T]he reasons-giving requirement is inapplicable" to the opinions of non-treating sources) (citations omitted).  What matters is whether the ALJ's alleged failure to incorporate those opined limitations was nonetheless supported by substantial evidence.  The Magistrate Judge found they were.  R&R 24, ECF No. 16.  Although Plaintiff argues on objection that the ALJ did not actually account for the above limitations in the RFC, Obj. 4–5, ECF No. 18, he does not argue that, to the extent the ALJ omitted those limitations, the omission was not supported by substantial evidence.  The failure to show that the ALJ's omission of those limitations was unsupported by substantial evidence dooms his objections.

For the above reasons, Plaintiff's objections are **OVERRULED**, the R&R is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**.

The Clerk shall enter judgment for Defendant and terminate this case.

**IT IS SO ORDERED**.

         */s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**